[No. B135000. Second Dist., Div. Four. Aug. 9, 2000.]

In re KAMELIA S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
DEREK S., Defendant and Appellant.

COUNSEL

Sharon S. Rollo, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, and Doraine F. Meyer, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**VOGEL (C. S.), P. J.**—Appellant has taken the law into his own hands. He has absconded with his daughter, a minor and dependent child, who was placed in a foster home pursuant to an order of the juvenile court. We conclude that appellant may not obtain review of the juvenile court's order and at the same time be in contempt of the very order from which he appeals. We therefore will dismiss the appeal.

SUMMARY OF FACTS AND PROCEEDINGS

We summarize the factual background of this appeal simply as a prelude to its dismissal. Appellant Derek S. is the father of Kamelia S., born in January 1997. The minor's mother, Sonya C., is manic-depressive. A psychiatrist had prescribed medication for her condition. On November 18, 1997, Sonya C. suffered a manic episode, which resulted in injuries to Kamelia S. On December 4, 1997, the Los Angeles County Department of Children and Family Services (DCFS) took Kamelia S. into custody and placed her with appellant.

A petition pursuant to Welfare and Institutions Code section 300 was filed.[1] Later a dispositional social study was submitted. On January 6, 1998, the court sustained the petition as amended pursuant to *In re Malinda S.* (1990) 51 Cal.3d 368 [272 Cal.Rptr. 787, 795 P.2d 1244][2] and appellant submitted to the jurisdiction of the juvenile court. On March 3, 1998, the court declared the minor a dependent of the court pursuant to section 300, subdivision (b). The court ordered that the minor reside with appellant and the mother, Sonya C., was to have monitored visits with the child.

Appellant and the paternal grandmother reside in the same household and assumed custody of Kamelia S. DCFS reported that appellant had not

---

[1] All references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Partially superseded by statute as stated in *In re Cindy L.* (1997) 17 Cal.4th 15, 22, footnote 3 [69 Cal.Rptr.2d 803, 947 P.2d 1340].

cooperated in allowing Sonya C. to visit the minor. Thereafter, the court ordered the mother be afforded weekly three-hour visits, provided that she was taking her medication. DCFS was given discretion to permit her monitored visits to take place out of the presence of appellant or the paternal grandmother.

On February 9, 1999, DCFS filed a section 387 petition to remove Kamelia S. from appellant and placed her in a foster home. The petition was predicated on allegations of medical neglect of the minor.[3] The court ordered her placement to be kept confidential from appellant and paternal grandmother. Thereafter, further dispositional studies were prepared and DCFS filed an amended section 387 petition. The amended petition alleged that appellant had subjected the minor to unnecessary medical treatment and interfered with the minor's reunification with the mother.

The trial court conducted an in-chambers discussion with appellant and his counsel to resolve any jurisdictional issues. The court explained that it proposed to proceed pursuant to *In re Malinda S., supra,* 51 Cal.3d 368, and make its determination based on the various social studies and medical records filed with the court. Appellant and his counsel agreed to this procedure and waived cross-examination of the social worker. The court then sustained the amended section 387 petition and ordered the minor be retained in foster care. Appellant, the maternal and paternal grandmothers, and the mother were ordered to have monitored visitation. The court also ordered further evaluations. Appellant filed a timely notice of appeal on August 30, 1999.[4]

In December 1999, during the pendency of this appeal, it came to the attention of the juvenile court that appellant and the paternal grandmother had absconded with the minor child. The juvenile court issued a protective custody warrant for Kamelia S. and arrest warrants for appellant and the paternal grandmother. The whereabouts of the appellant, the paternal grandmother, and the minor child are unknown.[5]

---

[3]The DCFS reported that appellant had subjected the minor to unnecessary medical treatment endangering the minor's physical and emotional health and safety. A later report included an opinion of an examining physician that the minor was at "risk [of] becoming the victim of 'Munchhausen-syndrome-by-proxy' because of the investment by the paternal family in making the child ill every time she has visitations with the mother."

[4]On June 15, 1999, prior to filing his notice of appeal from the section 387 petition, appellant filed a section 388 petition to set aside the trial court's order sustaining the section 387 petition. The section 388 petition was dismissed without a hearing.

[5]Appellant's counsel candidly raised the fact that the minor has been taken by appellant. At her request, we took judicial notice of the warrants issued by the juvenile court confirming that appellant has abducted the minor and gone into hiding.

DISCUSSION

Appellant's abduction of the minor child not only violates the orders of the juvenile court, it frustrates the court-approved visitation of the minor by her mother and the objective of the dependency law as stated in section 300.2.[6] It is illogical and inequitable for appellant to seek appellate review of the very orders he has blatantly violated. Respondent DCFS contends that the appeal is barred by the disentitlement doctrine and moves for dismissal of this appeal. We agree.

In contexts other than dependency, appellate courts have not tolerated such paradoxical conduct. In *MacPherson v. MacPherson* (1939) 13 Cal.2d 271 [89 P.2d 382], the father and appellant, a resident of California, was granted visitation with his two minor children during the two months of their summer vacations each year. The remainder of the year, the children resided with their mother in Connecticut. At the conclusion of a two-month visitation with appellant in California, he failed to return the children and went into seclusion, concealing the whereabouts of the children from their mother. She initiated an order to show cause to obtain the children, but was unable to effect service on the appellant. After a number of years of investigation, the mother located the appellant and the children residing in Mexico. In new proceedings, she obtained an order restoring custody of the children to her and was awarded attorney fees and costs covering her present court proceedings and the expenses she had incurred searching for the children. Also, the appellant was held in contempt and sentenced to five days in jail and ordered to pay a $500 fine.

The father appealed. The court dismissed the appeal, holding that the appellant was disentitled to pursue a review of the trial court's orders. "In secluding the children in a foreign country and alienating them, appellant violated not only his agreement with plaintiff and the provisions of the

[6]Section 300.2 provides: "Notwithstanding any other provision of law, the purpose of the provisions of this chapter relating to dependent children is to provide maximum safety and protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm. This safety, protection, and physical and emotional well-being may include provision of a full array of social and health services to help the child and family and to prevent reabuse of children. The focus shall be on the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child. The provision of a home environment free from the negative effects of substance abuse is a necessary condition for the safety, protection and physical and emotional well-being of the child. Successful participation in a treatment program for substance abuse may be considered in evaluating the home environment. In addition, the provisions of this chapter ensuring the confidentiality of proceedings and records are intended to protect the privacy rights of the child."

interlocutory and final decrees of divorce, but he has also wilfully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders of the California courts, including the very order from which he seeks relief by this appeal. Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal. A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson, supra,* 13 Cal.2d at p. 277.)

Appellant's counsel argues that the disentitlement doctrine is inapplicable because appellant did not initiate the underlying dependency court proceedings. That was the rationale applied in *Doe v. Superior Court* (1990) 222 Cal.App.3d 1406 [272 Cal.Rptr. 474]. There, Roman Polanski was sued by Doe, the victim of a crime to which Polanski had pleaded guilty. Through counsel, Polanski filed an answer to Doe's complaint denying her allegations and asserting several affirmative defenses. Doe moved to strike Polanski's answer on the ground that he was a fugitive, having fled the country to avoid the sentence imposed for his crime against Doe. The motion was denied and Doe petitioned the Court of Appeal for a writ of mandate.

A divided appellate court denied relief. It held that the doctrine of disentitlement was applicable only when the party who initiated the judicial proceeding is the fugitive seeking relief. Based on that premise, Polanski was viewed as only a fugitive in the criminal proceeding, but not a fugitive in the corresponding civil proceeding which had been initiated by Doe. Accordingly, Polanski's answer was allowed to stand.

The issue before this court is not like the matters presented in *Doe v. Superior Court, supra,* 222 Cal.App.3d 1406. Unlike that case, this matter does not involve two related actions. Instead, the present proceeding was initiated by DCFS to protect the safety and welfare of the minor child. Appellant and the paternal grandmother were parties to the dependency proceedings and subject to the jurisdiction and orders of the juvenile court. They appeared and fully participated and had a full opportunity to remain active in the proceedings.

This matter is comparable to *Adoption of Jacob C.* (1994) 25 Cal.App.4th 617 [30 Cal.Rptr.2d 591]. There the parents of two minor children divorced. The custody of the minors was awarded to the father. The father remarried and the children's stepmother initiated contested adoption proceedings. The mother absconded with one of the children, and the court issued an order to show cause requiring her to appear and show why she should not be adjudged in contempt of court and why the proceedings should not go

forward if she did not appear. The mother appeared through counsel, but never personally appeared. The matter proceeded as an uncontested matter and the court terminated the parental rights of the mother as to the one child who remained in the custody of the father. The mother appealed from the final judgment terminating her parental rights.

The Court of Appeal held that the mother was barred from participating in the hearing on the petition. "The disentitlement doctrine has been applied to deprive a party of the right to present a defense as a result of the litigant's violation of the processes of the court, withholding of evidence, defaulting on court-imposed obligations, disobeying court orders, or other actions justifying a judgment of default. [Citation.] The case for application of the doctrine is most evident where, as here, the party is a fugitive who refuses to comply with court orders or make an appearance despite being given notice and an opportunity to appear and be heard." (*Adoption of Jacob C., supra,* 25 Cal.App.4th at p. 624.)

We view appellant's conduct here to be the equivalent of the appellant's conduct in *Adoption of Jacob C.* In the context of the dependency proceedings, appellant first was fully participating and then decided to withdraw, taking the minor child with him. As an active participant he has been and is aware of the underlying dependency proceedings. His intentional absence violates the orders of the juvenile court and his secluding the minor child undermines and frustrates the entire purpose of the dependency law. It is virtually impossible for the court to extend its protection to Kamelia S. in her unavailable status at a completely unknown location. Appellant is entirely responsible for paralyzing the court's ability to implement the procedures intended to benefit the interests of the dependent minor. He "stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson, supra,* 13 Cal.2d 271, 277.)

Under the circumstances, the doctrine of disentitlement is applicable to appellant, requiring dismissal of the appeal.

DISPOSITION

The appeal is dismissed.

Epstein, J., and Curry, J., concurred.